**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4100**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS LAMAR SMITH,

Defendant - Appellant.

**No. 25-4292**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS LAMAR SMITH,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:23-cr-00369-M-RJ-1)

Submitted:  January 22, 2026                    Decided:  January 26, 2026

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Ryan M. Prescott, PRESCOTT LAW, PLLC, Winterville, Georgia, for Appellant.  Lucy Partain Brown, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Lamar Smith pleaded guilty, pursuant to a written plea agreement, to coercion and enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. §§ 2422(b), 2251(a), (e).  The district court sentenced him to 151 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Smith's guilty plea and waiver of appellate rights were knowing and voluntary as well as whether the sentence is procedurally and substantively reasonable.  Although notified of his right to do so, Smith has not filed a pro se supplemental brief.  The Government moves to dismiss Smith's appeals as barred by the appeal waiver in his plea agreement.  We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable," and we "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Smith knowingly and voluntarily pleaded guilty. In addition, Smith knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in these consolidated cases and have found no potentially meritorious grounds for appeal outside the scope of Smith's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeals as to all issues covered by the waiver. We affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4